"The jury find, that on the 20th day of December, 1791, the State, by a patent deed granted the land mentioned and included in the lines and boundaries described in the plaintiff's declaration to William Giles; and that all of the said land so included in the said boundaries is the bed of the river Yadkin, covered with water, except about one acre and a little bar or sand bank, about the middle of the river, which is not usually or commonly covered with water, and is not a natural but an artificial bank, raised by some persons for the purpose of fishing, prior to the date of the said grant.
"That afterwards, to wit, on the sixth day of January, in the year 1792, the said Wm. Giles conveyed the said close so included as above to the plaintiffs, Richmond Pearson and Henry Giles, who afterwards, to wit, in the month of March, in the year 1792, aforesaid, previous to the bringing [of] this action by the plaintiffs, was in the actual possession thereof; and being so thereof in the actual possession as aforesaid, the said defendant did forcibly enter therein and drive away certain persons there fishing for the use of the plaintiffs, and under their permission.
"The jury further find, that many years ago, at what precise time the jury are ignorant, the said fishing bar was a shallow of the river, and by the work and labor of some persons to the jury here unknown, (532) was raised as above set forth; and that on or about the month of April, in the year 1781, the same bar was in the use and occupation of the said William Giles and one Charles Baxter, which said Baxter sold his share thereof, or such interest, if any he had therein, to the said Obadiah Smith.
"And the jury further find, that the said Obadiah Smith, the defendant, hath never entered the same in any land office in this State, or obtained any deed or grant thereof from this State. But whether or not the said place," etc. *Page 435 
The jury having found that the defendant drove the plaintiffs from their possession by force, there can be no doubt that he was guilty of a trespass; therefore, judgment should be entered up for the plaintiffs.
NOTE. — See Myrick v. Bishop, 8 N.C. 485; Smith v. Wilson, 18 N.C. 40.